```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

JOHN WAYNE RASMON,              §
                                §
VS.                             §   CIVIL ACTION NO.4:05-CV-809-Y
                                §
                                §
MID AMERICA STATES,             §
Commissary, Tarrant County Jail §
```

OPINION and ORDER OF DISMISSAL UNDER
28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff John Wayne Rasmon's case under the review provisions of 28 U.S.C. § 1915(e)(2)(B). Rasmon initiated this suit while housed in the Tarrant County jail with the filing of a form civil-rights complaint on December 16, 2005. He names as defendant Mid America States, identified as the commissary company for the jail. (Compl. Style; § V.) Rasmon claims that the defendant is selling "bad emersion heaters by the dozens," that his was "confiscated," that the products are "overpriced," and that "they don't guarantee the products they sell, all inmates are having to pay outrageous prices." (Compl. § V.) Rasmon seeks to have everyone who bought an emersion heater between certain dates to be paid back. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] A district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[3] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[4] After review and consideration of Rasmon's claims in this suit, the Court concludes that they must be dismissed under the authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[5] Rasmon has failed to satisfy the first element. Rasmon has not alleged that defendant Mid America States violated a constitutional or federal right, and the listed factual allegations do not state such a claim.  Also, Rasmon has failed to allege facts to show that Defendant acted under color of law with regard to the specific events made the basis of this suit.[6] Thus, Rasmon's claims

---

[2]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[4]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[5]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[6]*See Cornish v. Correctional Services Corp., et al.,* 402 F.3d 545, 550 (5th Cir. 2005)(noting that under any of the many tests employed to decide whether a private actor's conduct can be fairly attributable to the State is a "necessarily fact-bound inquiry . . . .") *citing, Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939 (1982).

asserted through 42 U.S.C. § 1983 must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In addition to failing to satisfy the elements to pursue a claim under 42 U.S.C. § 1983, the Court determines that Rasmon has otherwise failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter of this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are present under 28 U.S.C. § 1332, or if the cause of action arises under the Constitution, laws or treaties of the United States under 28 U.S.C. § 1331. Because plaintiff Rasmon has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction. Also, in order to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000, and that he is a citizen of one state and the defendants are citizens of another.[7] Plaintiff has not identified an address for defendant Mid America States other than the jail address, so the Court lacks information about its corporate address. Assuming that Mid America States has an out-of-state location for diversity purposes, Rasmon has failed to set forth claims sufficient to support the amount-in-controversy requirement.

The amount-in-controversy provision is to be narrowly

---

[7] *See* 28 U.S.C. § 1332(a)(1)(West 1993 and West Supp. 2005).

construed, so as not to frustrate congressional purpose.[8] The test to determine whether the amount-in-controversy requirement is satisfied is the "legal certainty" test; to justify dismissal, it must appear to a legal certainty that a plaintiff's claim is for less than the statutory amount.[9] Rasmon has alleged only that he lost the value of an emersion heater. Because the Court can say with a legal certainty that the plaintiff cannot recover an amount in excess of $75,000, he has failed to invoke this Court's diversity jurisdiction. Thus, any other claims must be dismissed for lack of subject matter jurisdiction.

Therefore, all claims under 42 U.S.C. § 1983 are hereby DISMISSED WITH PREJUDICE under authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

To the extent Plaintiff asserts other claims, they are DISMISSED for lack of subject matter jurisdiction with prejudice to the right to refile in federal court.

SIGNED April 27, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[8]*See Packard v. Provident National Bank,* 994 F.2d 1039, 1044-45 (3d Cir.), *cert den'd,* 510 U.S. 964 (1993).

[9]*See St. Paul Mercury Indemnity Co. V. Red Cab Co.,* 303 U.S. 283, 288-89 (1938).

4